UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FCA US LLC MONOSTABLE ELECTRONIC
GEARSHIFT LITIGATION                                                          MDL No. 2744


TRANSFER ORDER


    **Before the Panel**:[*] Plaintiff in one action in the Eastern District of Michigan moves under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of six actions pending in four districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of seven related federal actions.[1] This litigation arises out of an investigation by the National Highway Transportation Safety Administration (NHTSA) into certain vehicles manufactured by FCA US LLC (FCA) that were equipped with an allegedly defective gearshift. Each of the actions listed on Schedule A concerns economic damages and related injunctive relief on behalf of various proposed classes of owners and lessees of the allegedly defective vehicles. Of the seven potential tag-along actions, five are substantially similar class actions, and two are individual personal injury actions.

    All responding parties support centralization, but there is some disagreement as to the appropriate transferee district. Defendant FCA supports centralization in the Eastern District of Michigan. This district also has the support of plaintiffs in two actions on the motion (*Hartt* and *Vosburgh*) and two potential tag-along actions (*Barfield* and *Lynd*).[2] Plaintiffs in the *Wall* action on the motion and two potential tag-along actions (*Manetois* and *Malone*) argue that the District of Colorado or the District of Massachusetts is the most appropriate district for this litigation.

    On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share complex factual questions arising out of allegations that the monostable electronic gearshift installed in certain

---

    [*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

    [1] The related actions are pending in the District of Colorado, the District of Massachusetts, the Eastern District of Michigan, the Western District of Missouri, and the Northern District of New York. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

    [2] Plaintiff in the *Lynd* action filed a brief in support of centralization in the Northern District of New York but, at the hearing session, changed his position to the Eastern District of Michigan.

-2-

vehicles manufactured by FCA US LLC[3] is defective and unreasonably dangerous in that it allegedly fails to provide the driver with an adequate indication of whether the vehicle is in the "park" position and lacks a safety override function that would place the vehicle in "park" automatically when a driver exits the vehicle while it is in another gear. All actions stem from the same NHTSA investigation and a related voluntary safety recall by defendant earlier this year and likely will involve discovery of third parties, including the supplier of the gearshift at issue and those involved in the investigation. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiffs in three actions ask the Panel to order the inclusion in this MDL of the two potential tag-along actions involving personal injuries. Defendant opposes the inclusion of those actions. Since no personal injury actions are presented in the motion for centralization, we will not determine at this time whether their inclusion with the economic loss actions in this MDL is appropriate.[4] Any arguments regarding the inclusion of personal injury actions in centralized proceedings will be considered if and when the actions are placed on a conditional transfer order.

We conclude that the Eastern District of Michigan is an appropriate transferee district for this litigation. Three actions on the motion are pending in this district along with three potential tag-along actions. Defendant FCA US LLC has its headquarters in this district and represents that key witnesses and documents are located there, including evidence from its gearshift supplier, ZF Friedrichshafen AG, which has its U.S. regional headquarters in this district. Moreover, the Eastern District of Michigan has the support of the defendant and the majority of the responding plaintiffs. Judge David M. Lawson, to whom we assign this litigation, is an experienced jurist, and we are confident he will steer this litigation on a prudent course.

---

[3] The FCA vehicles allegedly equipped with the monostable electronic gearshift at issue are: Dodge Charger (model years 2012-14); Chrysler 300 (model years 2012-14); Jeep Grand Cherokee (model years 2014-15); Maserati Quattroporte (model year 2014); Maserati Ghibili (model year 2014); and Dodge Ram (model years 2012-14). The record indicates that there are factual disputes as to whether defendant installed the gearshift at issue in Dodge Ram or Maserati vehicles, but defendant does not dispute that further proceedings on those issues are appropriately left to the transferee court.

[4] *See In re: General Motors LLC Ignition Switch Litig.*, 26 F. Supp. 3d 1390, 1391 n.3 (J.P.M.L. 2014).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable David M. Lawson, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: FCA US LLC MONOSTABLE ELECTRONIC
GEARSHIFT LITIGATION**      MDL No. 2744

## SCHEDULE A

<u>Central District of California</u>

WALL, ET AL. v. FCA US LLC, C.A. No. 5:16-01341

<u>Eastern District of Michigan</u>

VOSBURGH v. FCA US LLC, C.A. No. 2:16-12571
WEBER v. FCA US LLC, C.A. No. 2:16-12574
HARTT, ET AL. v. FCA US LLC, C.A. No. 2:16-12758

<u>Eastern District of New York</u>

MACK, ET AL. v. FCA US LLC, C.A. No. 2:16-04133

<u>Middle District of Tennessee</u>

HARBIN, ET AL. v. FCA US LLC, C.A. No. 2:16-00055